IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE MAE HENDERSON, ) <br> o/b/o LAURIE A. JONES, deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN COLVIN, Acting ) <br> Commissioner of the Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) | Case Number CIV-11-1360-C |

## **O R D E R**

Plaintiff's application for disability insurance benefits was denied by the Social Security Administration. Plaintiff then filed the present action seeking review of the Agency's decision. In July 2011, the Court remanded the case to the Commissioner for further proceedings. On April 17, 2012, the Commissioner issued a Notice of Award, awarding Plaintiff back benefits. Plaintiff's counsel now seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b).

The contingent fee agreement executed between Plaintiff and her counsel indicated that if Plaintiff were awarded benefits she would pay the firm a fee equal to 25% of the past due award. Now that the Notice of Benefit has been issued, the firm now seeks an award of attorney fees. By prior Order, the Court granted Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60, reopening the case so that this motion for attorney fees could be timely filed. Plaintiff's counsel now seeks a fee of $7,358.00.

Plaintiff's fee request is governed by 42 U.S.C. § 406(b)(1)(A), which states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Where a contingent fee agreement is in place, the Court must examine the reasonableness of its terms and reduce an award as appropriate "based on the character of the representation and the results the representative achieved." Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). Whenever fees are awarded under both § 406(b) and the EAJA, "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Id. at 796 (citation omitted). In support of the motion, counsel has attached a time report demonstrating that counsel expended in excess of 22.2 hours of attorney and 4.3 hours of paralegal time in performing the work before the Court. After considering the extent of work performed, the result received or obtained, and the fee award sought, the Court finds the amount sought to be a reasonable fee for the work performed. Indeed, the benefits awarded to Plaintiff certainly justify the amount of time spent by the firm handling the case and the evidence before the Court offers nothing to suggest that the character of the representation or the results achieved were in any way deficient. Because an award of fees under the EAJA has already been made, Plaintiff is entitled to a refund of the smaller fee.

Accordingly, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. No. 32) is GRANTED. Plaintiff's counsel is awarded a fee in the amount of $7,358.00. Pursuant to 42 U.S.C. § 406(b), this amount shall be paid to the firm of Troutman & Troutman, P.C.,

in the name of Steve A. Troutman. Because Plaintiff was previously awarded fees under the EAJA, she is entitled to a refund of the smaller EAJA award which the firm shall forward immediately upon receipt of the fees awarded herein.

IT IS SO ORDERED this 7th day of January, 2014.

_____
ROBIN J. CAUTHRON
United States District Judge